### HARRISON v. GRAHAM.

#### (Circuit Court, D. Maine. August 7, 1901.)

#### No. 544.

NE EXEAT—CANADIAN DEBTOR—ADEQUATE REMEDY IN CANADIAN COURTS.

In this case the complainant is a resident of New York, and the respondent has a fixed, permanent residence in Montreal, Canada. The complainant's claim has been due for 18 months, during which it might have been sued in the courts of the province of Quebec, which were no more remote from the complainant's domicile than the circuit court for the district of Maine. A writ of ne exeat was asked for against the respondent during a brief pleasure trip in the state of Maine. Service of subpœna in the cause in the circuit court had been made on the respondent within the district of Maine. *Held* that, independently of the question arising from the fact that the complainant's claim is based on an open and unliquidated account, a writ of ne exeat is refused by the circuit court, because, for other reasons, if a decree be obtained against the respondent in the circuit court, it would be respected by the courts of the province of Quebec.

Henry Brill and George E. Brill, for complainant.

PUTNAM, Circuit Judge. This is an application for a writ of ne exeat. The complainant is a citizen of New York, and resides in that state. The respondent is a subject of Great Britain. He has a fixed residence at Montreal, where he is permanently established in business, and there is no reason for apprehending that a judgment obtained against him in the proper court of the province of Quebec could not be enforced against him or his property. He is a traveler in Maine for a brief season, and for pleasure. The alleged cause of action accrued about 18 months ago, and, if the complainant had so desired, suit could have been brought at any time during that period in the courts of the province of Quebec. Service of subpœna in this cause has been duly made on the respondent, so that this court has jurisdiction to proceed to a personal decree against him, and, if the complainant obtains one, it will undoubtedly be enforced in Canada. Ritchie v. McMullen, 159 U. S. 235, 16 Sup. Ct. 171, 40 L. Ed. 133.

In Rice v. Hale, 5 Cush. 238, 241, Chief Justice Shaw refers to the well-known rule of practice, saying that this writ is not grantable "when the account is open and unliquidated, although the plaintiff

states in his affidavit that a certain sum is due." This general statement of the rule omits, of course, its qualifications, and it cannot be given in its entirety with so much positiveness · The bill in this case claims a balance due .as the result of a joint enterprise, and it is accompanied with an affidavit setting out, in general terms, that the complainant is entitled to recover at least $6,000. The bill would require some investigation before the court could determine whether it is within the rule referred to by Chief Justice Shaw, but we have not found it necessary to make an examination in this direction. The writ of ne exeat, like all other special writs issued by the chancellor, when exercising his equitable jurisdiction, is an equitable one, and therefore it cannot be granted without some regard to a comparison of the relative mischiefs which the refusal or allowance of it would involve. We, of course, have no knowledge how much hardship, and, consequently, how much practical injustice, would be imposed on the respondent by an arrest on foreign soil, where he is sojourning temporarily for pleasure, if the alleged cause of action against him should prove to be baseless; while we can perceive that there is no substantial hardship to the complainant involved in the denying of the writ now asked for, inasmuch as he has had ample opportunity of proceeding against the respondent at Montreal, no more remote from the residence of the complainant than is the habitat of the United States circuit court for this district, and inasmuch, also, as we are well assured that his decree, if he obtains one in this suit, will be respected by the courts of the province of Quebec.

The petition for the writ is denied.